The judgment of the court was pronounced by
Slidell, J.
It is assigned for error, that no legal entry of the judgment was made upon the minutes. The entry upon the minutes was as follows : “Robertson, Trustee, et al. v. E. R. Travis, Sheriff, et al. In this case the injunction is dissolved, with fifteen per cent damages.” The judgment in extenso with all the essential particulars of names, dates, amount, &c., seems to hav,- been written on the petition, or some other paper of record in the cause in the usual manner. Although, under the art. 544, it would have been more regular on the part of the clerk to enter the judgment in full on the minutes, we do not consider the irregularity here of such a nature as would authorize us to annul the judgment. It is proper to observe, that there is no reason to suppose that the appellants were led astray by the informality of the entry upon the minutes.
The judgment commences with the following recital: “The above entitled suit this day came regularly up for trial.” The cause had been previously put at issue by answer. In the absence of any thing upon the face of the record to the contrary, we must presume that the case was duly brought to trial. It appears to have been tried upon the 30th May, and the judgment was signed upon the 31st. The signing was, in this sense, premature, that the party was not thereby deprived, of the usual delay for asking a new trial.
It is said, that as the case was tried in the absence of the plaintiff, the only legal judgment was one of non-suit. This position seems to us untenable in this case. It was a case of injunction, and the defendant ahswered and prayed for damages under the statute. If the plaintiff could avoid damages under the statute by absenting himself at the trial, the purpose of the statute would be frustrated. The judgment in this case went no further than to dissolve the injunction, and adjudge damages against the plaintiff and his sureties.
It is said, that this sale was one by agreement of parties, and therefore does not come under the statute of 1831, which is to be construed strictly. The sheriff in his advertisement states, that he had seized, under two writs of fi. fa. property which he will proceed to sell; and at the close of the advertisement, in giving the terms of sale, slates them as “by agreement of parties.” What the agreement was, under which the sheriff was acting, we do not know, the transcript containing no statement of evidence. We are not prepared to say that any agreement respecting the terms of sale would exclude a creditor from demanding damages for an injunction unlawfully issued. Suppose, for example, the parties choose to agree that the property shall be put up at the first crying at twelve month’s credit, and the sheriff is proceeding under fi. fa. to a sale, and is enjoined without lawful cause, upon what principle can such a case be considered as not within the purview of the mischief at which the statute was aimed ?
It was argued, that we ought to consider the agreement annexed to the petition for injunction, and that it would authorize a reversal of the judgment. This *403 we cannot do. The evidence on which the cause was tried is not before ús, and the answer does not admit the existence or binding force of that agreement.
Judgment affirmed, with costs.